# IRENE ALVARADO COLON

## v.

# FRANCISCO ALVARADO COLON ET AL.

San Juan, Law, No. 1256.

MOTION TO REMAND.

Separable Controversy—Sublease to Two Tenants.

1. When an original tenant subdivides his whole and transfers the parts to different persons, one of these has a separable interest which does not involve the other.

Jurisdiction—Value.

2. Property is valuable for the use it is put to, and not for the amount of money originally paid for it. The question is the present value, not the price.

Federal Jurisdiction—Submission to Local Court.

3. If by contract parties agree to submit themselves to the jurisdiction of the insular courts, this will be broadened to include all courts having jurisdiction in that locality, including Federal court. Federal courts are coextensive with Federal laws and Federal rights, and no local authorities can exclude their jurisdiction.

Removal—Reversal on Appeal.

4. The application for a removal must be taken before pleading to the merits. But if the trial on the merits was reversed in the local appellate court it cannot be said to exist, and removal may be had.

Federal Court—Status.

5. Federal courts are organized as to hear and determine debts, torts, and property claims, but not those of status of families or persons, such as divorces. Desahucio may be either ejectment or unlawful detainer, and is not necessary for Federal jurisdiction to determine which.

Opinion filed September 12, 1918.

———

*Mr. V. Zayas Pizarro* for motion to remand.

*Mr. J. A. Poventud* for removing defendants.

HAMILTON, Judge, delivered the following opinion:

This is a motion seeking to have remanded to the municipal court of Juana Diaz a suit began there by Irene Alvarado Colon originally against Francisco Alvarado Colon, Emilia Victoria Henna, Gustavo Cabrera Henna, Angel Muñoz, and Francisco Ferrer. Upon the filing of the complaint in desahucio the de-

fendants Henna filed the usual motion and papers seeking a removal to the United States district court. This being over-ruled, they thereupon filed the necessary defense on the merits, and the case went to trial in the municipal court, and was decided in favor of the plaintiff. The defendants Munoz and Ferrer made no defense, and judgment was taken against them. Defendants Henna appealed to the district court of Ponce, insisting in the first instance upon the point as to removal to the Federal court. During the course of the proceeding in the said Ponce district court that court on July 26 decreed as follows: "The court declares well founded the motion of the plaintiff as well as the motion of the defendant Francisco Alvarado Colon, inasmuch as the action here in controversy is against the sublessees of an estate of which Francisco Alvarado was the lessee, and the court understands that Francisco Alvarado is not a necessary party to this suit, and therefore all proceedings in this case before this court in respect to Francisco Alvarado are hereby discontinued; and in regard to the defendants Francisco Ferrer Rodriguez and Angel Muñoz Colon the court declares that they have not appeared in this court and therefore the municipal court of Juana Diaz is at liberty to execute its decree against them whenever it is affirmed within its jurisdiction."

Upon the same hearing of the appeal the district court made a further order which is declared a matter of priority, to the effect that the municipal court was in error in denying the motion for removal, and in consequence the district court reversed the said order of denial and subsequent proceedings, inasmuch as it did not have jurisdiction to act after the motion for removal had been filed, remanding the case to the municipal court for

proper procedure in removal. Whereupon the proper order,
bond, etc., were filed and the case transferred to the Federal
court. Now comes the plaintiff in the local court, and on Sep-
tember 5, 1918, makes a motion to remand from the Federal
court to the municipal court of Juana Diaz. The grounds al-
leged will be discussed separately. For the purposes of de-
termining this motion, the copy of the original lease, the exten-
sion of the lease and the sublease and affidavit of Eduardo Diaz
are admitted in evidence.

1. It is set up, in the first place, that there was no separable
controversy on the part of the defendants Henna, and there-
fore there could be no removal. The facts appearing in the
record before the court show that the land in controversy is
owned by Irene Alvarado Colon and was leased by her for a
certain term to defendant Francisco Alvarado Colon, and that
he, by certain transfers, whose import is contended, on the one
side, to have been an assignment and, on the other a sublease,
put the Hennas in possession of about 135 cuerdas and Muñoz
in the possession of the remaining 59 cuerdas,—the two making
up the entire tract in controversy. It is alleged that the rent
for each tract was collected by Francisco Alvarado Colon, and
payable by him and not by the terre-tenants to the original own-
er. Whether this amounted to an assignment or to a sublease,
it does not seem important at present to decide. Upon the ap-
peal to the local district court the record above cited shows that
it was held that said Alvarado was not a necessary party, and
that the proceedings were dismissed as to him. What may be
the proper decision of this point is not material at present; for
upon this application this court must take the record as it finds
it, and that record shows that the proceeding at the time of the

Colon v. Colon.

removal from the local court was one between the owner of the land and defendants Henna so far as relates to the 135 cuerda tract. The smaller tract is not in controversy at all, and the district court determined execution might issue separately for it, and this was the state of the record at the time of the removal. It seems to the court, therefore, that, whether the legal arrangement was one of subleasing or of assignment, it was in the local district court ratified by the plaintiff or by the court on behalf of the plaintiff, and that that was and is the condition of the record. It would seem, therefore, that there is a separable controversy.

2. It is next alleged that the amount in controversy is below the sum of $3,000, because the rental did not exceed $48 per month, and the unexpired term at the time of filing the petition for removal was a little over three years, and thus amounted to $1,752, below the jurisdictional amount of this court. In response to this, the petition for removal alleges under oath that the amount in controversy exceeds $3,000, and upon the argument it is set up that this arises from public conditions at present prevailing in Porto Rico, and a matter of judicial knowledge, that such rentals are much higher than they were at the time of the making of the original lease. Whether this is a fact in the particular case need not be decided at present. The petition for removal shows upon its face that the amount in controversy exceeds $3,000, and this must prevail until there is some definite showing to the contrary. It is quite possible that the rental value, or even the purchase price of land or of any other article, does not represent its true value at the time, much more so may it not represent the value some years afterwards. While among the pioneers there were the celebrated walking

Colon v. Colon.

purchases from the Indians for a few trinkets, this would not necessarily mean that the value of the trinkets was the value of the land acquired. Property is valuable for the use it is put to, not for the amount of money originally paid for it. The record, therefore, does not sustain this allegation of the petition for removal.

3. The next material allegation is that the parties to the contract agreed to submit themselves to the jurisdiction of the insular courts for any litigation arising from said lease. If this point is material, it can only be so on the ground that this submission was exclusive of the jurisdiction of the Federal court. This court has already held such a provision to be unconstitutional. Supposing, for example, that every landholder in making a lease to a foreigner required this as a condition of the lease, the result would be that, contrary to treaty stipulations, foreigners would not have access to the courts of the United States. The proper construction of all such provisions is that, when local courts are spoken of, the term must be broadened to include all courts having jurisdiction in that locality; for any other construction would bring about an unconstitutional provision which could not be enforced. It has even been decided, for instance, in the Supreme Court of the United States, that a provision in a railroad charter that its franchise shall be forfeited if a suit brought against it in the local court is transferred to the Federal court is unconstitutional. The rule is that the Federal courts are coextensive with Federal laws and Federal rights; and no local jurisdiction, much less a territory, can legislate to the exclusion of Federal jurisdiction. It is not only illegal, but it is unnecessary, as the procedure in the Federal court is adapted to all ordinary forms of dispute.

, Colon v. Colon.

4. The next ground set up, that the defendants Henna are estopped by having tried the case upon the merits in the municipal court, presents more doubt. The statute expressly is that the claim for removal shall be made before other pleading, and on principle it would seem that pleading to the merits would be a waiver of this just as it would be a waiver of other preliminary rights. Apart from the fact, however, that it has been otherwise decided, it would seem that the objection does not properly arise in the case at bar, for the reason that the local courts are to be taken in this instance as a unity. The municipal court made a certain decision which has been reversed by the local district court and therefore does not exist. The actual order existing is one of removal, and not decision on the merits; so that in the case at bar the point cannot be sustained.

5. There are undoubtedly certain proceedings which cannot be removed from local courts to the Federal courts, the reason being that they cover questions of status which the Federal courts as at present organized are hardly competent to determine. Federal courts are organized under existing laws to determine debts, torts, and property claims, not those of the status of families or persons. That Congress could extend their jurisdiction to such cases is probably true, but the decisions are that as to such matters as divorce and the like Federal courts at present have no jurisdiction. It is contended that the present case is one of this character, that is to say, that desahucio, which is generally translated into English as unlawful detainer, is a special statutory proceeding to which the Federal courts are not competent. In point of fact this Federal court has frequently entertained cases which the par-

XI. Porto Rico.—4.

ties concerned speak of as desahucio, which is sometimes translated also as ejectment, although the action of reivindication more closely approaches ejectment in its modern sense of a claim of ownership. Such questions are difficult to determine because the civil law of Porto Rico is Spanish in its essence and in its form, while the law of civil procedure, which is to enforce these civil rights, is taken bodily from the western states of the Union, and essentially common law in form and origin. It would seem best upon the present state of the record to overrule this objection, as the pleadings are not settled, and it is not possible to say in advance whether the proceeding would be upon the common law or equitable side of the court. It may be quite possible that the point could be raised later upon the merits, and decided at that time to better advantage.

Upon the whole, therefore, it would seem that the motion to remand must be denied.

It is so ordered.